THE PEOPLE OF THE STATE OF NEW YORK ex rel. HENRY KETEL-
TAS, Trustee GARDNER ESTATE, Respondent, v. ASHBEL P. FITCH,
Comptroller of the City of New York, Appellant.

*Writ of mandamus — when it lies — an award of commissioners of estimate and
assessment cannot be attacked collaterally — section 992 of chapter 410 of 1882
repealed by chapter 173 of 1885.*

A writ of mandamus will not lie when the applicant therefor has an adequate
and certain remedy at law.

The fact that the commissioners of estimate and assessment, in making awards,
did not proceed according to the provisions of law, is not jurisdictional, and
though it may be taken advantage of upon an appeal from the order of confir-
mation, it does not render the award liable to attack in a collateral proceeding.

Under the provisions of chapter 173 of the Laws of 1885, which repeals section
992 of the Consolidation Act, a person entitled to an award may require the
officers of the city of New York to raise, as therein provided, the money neces-
sary to enable the comptroller to pay such award, and when the board of esti-
mate and apportionment has done its duty in respect to the same, if the comp-
troller refuses to issue the bonds, such person has a right to the aid of the court
in compelling the comptroller to fulfill the duty which has been imposed upon
him.

APPEAL by the defendant, Ashbel P. Fitch, comptroller of the
city of New York, from an order of the Supreme Court, made at
the New York Special Term and entered in the office of the clerk
of the county of New York on the 25th day of January, 1894,
directing that a peremptory writ of mandamus issue directed to him,
requiring him to issue bonds to provide moneys for the payment
of the expenses of acquiring title to lands for park purposes, and
that he pay to the relator the amount of the award made to said
relator.

*David J. Dean,* for the appellant.

*George G. De Witt,* for the respondent.

VAN BRUNT, P. J.:

Pursuant to an act of 1884, proceedings were initiated to acquire
title to lands for a public park in the seventh ward, and such pro-
ceeding was thereupon had that the report of commissioners was

confirmed on the 17th of July, 1893. Certain awards having been made to the respondent for land taken for said improvement, payment thereof was duly demanded on the 18th of November, 1893, and it not having been made and no bonds issued and no money provided to pay the award, notwithstanding the fact that the board of estimate and apportionment had authorized the comptroller to issue said bonds, the respondent brought these proceedings against the comptroller to compel such issue.

· It is urged by the appellant that the writ of mandamus will not lie because there is an adequate and certain remedy at law. If such were the fact, undoubtedly the objection would be well taken. But we do not see how any remedy at law can exist, unless chapter 173 of the Laws of 1885 is unconstitutional in so far as it provides that the person in whose favor awards, costs and expenses may be made and allowed in proceedings to open any street, road, avenue, boulevard, public square or place, park or parkway, shall not have an action at law against the city of New York, but may require the officers of said city to raise as therein provided the money necessary to enable the comptroller to pay such award, costs and expenses; such provision seemingly repealing the right to bring an action conferred by section 992 of the Consolidation Act.

It seems also to be attempted to review the action of the commissioners of estimate and assessment, it being claimed that their awards were improper, they not having proceeded in making the same according to the provisions of law. But it is perfectly clear that the point attempted to be raised is not jurisdictional; and though it might have been availed of upon appeal from the order of confirmation, the award cannot be attacked in this collateral proceeding.

It is further urged that under the act in question the duty of the comptroller is due to the mayor, etc.; that he owes no duty to the relator, and, therefore, no mandamus will issue at the suit of the relator to compel his action. The express provisions of the Laws of 1885, above referred to, are that the person entitled to the award may require the officers of the city to raise, as therein provided, the money necessary to enable the comptroller to pay the award. The board of estimate and apportionment has done its duty, the comptroller has refused to issue the bonds, and the relator has a right to the aid of the court in compelling the comptroller to fulfill the duty

which has been imposed upon him. Unless this right exists, the relator is absolutely without remedy to recover the amount which has been awarded to him in lieu of his property which the city is now enjoying,

We think that the order appealed from should be affirmed, with costs.

FOLLETT and PARKER, JJ., concurred.

Order affirmed, with costs.